[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ALL OUTSTANDING MOTIONS
 PLEADINGS HISTORY
The pro se plaintiff filed an amended complaint (# 103) on November 19, 1997.
The defendants filed a request to revise (# 105) and the plaintiff filed partial responses to the request to revise (# 106).
The defendants then filed a motion for nonsuit (# 107) on the ground that the plaintiff failed to file her responses to the request to revise within thirty days. The motion for nonsuit has never been ruled upon. CT Page 9502
The defendants filed a reply (# 108) to the plaintiff's partial responses to the request to revise, again arguing that the partial responses had not been filed within thirty days.
The plaintiff filed two requests for leniency (# 109; # 111) which were denied by the court, Melville, J. on April 21, 1998. The plaintiff also filed an objection to the motion for nonsuit (# 110) which was overruled by the court, Melville, J. 109, 110 and 111 was denied by the court, Melville, J. on June 18, 1998.
 CURRENT STATE OF THE PLEADINGS
Pursuant to Practice Book § 149, now Practice Book (Rev. 1998) § 10-37(a), the defendants' request to revise was automatically granted because the plaintiff failed to respond to the request to revise thirty days from the date it was filed. Therefore, the plaintiff must file a new amended complaint which is responsive to the defendants' request to revise.
 OUTSTANDING PLEADINGS
The plaintiff's motion to strike the defendant's request to revise (# 114) should be denied, as there is no such motion under our pleading rules. DeOliveira v. Ross Roberts, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278480 (March 27, 1992, McGrath, J.) (6 Conn. L. Rptr. 223). If the court chooses to treat the plaintiff's motion to strike as an objection to the request to revise, then it should still be denied as the request to revise has entered automatically.
The plaintiff's motion to reclaim motion for non-suit (# 116) is denied for the reasons set forth in defendants' objection (# 118).
The plaintiff's motion to consolidate (# 119) will not be ruled upon until the plaintiff files an amended complaint conforming to the defendants' request to revise. Presently, the court does not know what claims the plaintiff will be bringing in the amended complaint. Therefore, it is not possible to determine whether the present action and the plaintiff's other actions "should be tried together." Practice Book § 84A, now Practice Book (Rev. 1998) § 9-5(a).
Skolnick, J. CT Page 9503